UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE ELLERBEE,

Plaintiff,

-against-                                    **Civil Action No. 08-CV-30187-MAP**
                                             **Honorable Michael A. Ponsor**
GAMESTOP, INC.,

Defendant.

# MEMORANDUM OF REASONS AND AUTHORITIES

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

Attorneys for Defendant,
    GameStop, Inc.
Office and Post Office Address
20 Corporate Woods Boulevard
Albany, New York  12211-2362
Phone:  (518) 465-3484

## **TABLE OF CONTENTS**

**PAGE**

Table of Cases and Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1 - 2

Point I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3 - 4

Point II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4 - 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

## TABLE OF CASES AND STATUTES

**CASES**                                                                                    **PAGE**

Bowlby v. Carter Manufacturing Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     138 F.Supp. 2d 182, 186-7 (D. Mass. 2001)

Campbell v. General Dynamics Government Systems Corp. . . . . . . . . . . . . . . . . . . . . 5
     321 F.Supp.2d 142 (D. Mass. 2004)

Campbell v. General Dynamics Government Systems Corp. . . . . . . . . . . . . . . . . . . . . 5
     407 F.3d 546, 559 (1st Cir. 2005)

Cole v. Halibert & Co. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     2000 WL1531614 at *3 (W.D. Okla. 2000)

Gilmer v. Interstate Johnson Lane Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     500 U.S. 20, 26, 111 S.Ct. 1647 (1987), 114 L.Ed.2d 26 (1991)

Gonzalez v. G.E. Group Administrators, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     321 F.Supp.2d 165, 170 (D. Mass. 2004)

Hightower v. GMRI, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     272 F.3d 239, 241 (4th Cir. 2001)

Howard v. Oakwood Homes Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     516 S.E.2d 879 (N.C. App. 1999)

O'Brien v. New England Telephone Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     664 N.E.2d 843, 848 (Mass. 1996)

Reece v. Commercial Credit Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     955 F.Supp. 567, 569 (D.S.C. 1997)

Rosenberg v. Merrill, Lynch, Pierce, Fenner & Smith, Inc. . . . . . . . . . . . . . . . . . . . . 3
     170 F.3d 1, 11-12 (1st Cir. 1999)

St. Fleur v.WPI Cable Systems/Mutron . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4
     450 Mass. 345, 349-50, 879 N.E.2d 27, 31 (2008)

VanSlyke v. Commercial Credit Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     1995 WL 766399 at *1 (N.D.N.Y. 1995)

## PRELIMINARY STATEMENT

Defendant, GameStop, Inc., serves its Memorandum of Reasons and Authorities in connection with its motion for an Order pursuant to 9 U.S.C. §§3 and 4, dismissing the Complaint, or in the alternative, staying this action and compelling arbitration, along with such other and further relief as to the Court may seem just and proper.  For the reasons set forth below, it is respectfully submitted that this employment related dispute is covered entirely under the Arbitration Agreement, namely the C.A.R.E.S. Program, and as such plaintiff's only alternative at this point is to pursue arbitration and not the present litigation.  As a result, it is respectfully requested that the Court dismiss this action, or in the alternative, stay it, and compel plaintiff to pursue arbitration.

## FACTS

The plaintiff was employed by defendant from 2003 to November 2007.  See Complaint, ¶7.  In September 2007, the plaintiff was presented materials in connection with GameStop's C.A.R.E.S. Program.  See, Parent Affidavit, Exhibit "C".  This program was first introduced in August 2007 to all of the GameStop management, at a conference in LasVegas.  See, Parent Affidavit at ¶3; Coletto Affidavit at ¶1.

Pursuant to the Rules of Dispute Resolution Including Arbitration, (Parent Affidavit, Exhibit "A"), the C.A.R.E.S. Program was "an agreement to arbitrate pursuant to the Federal Arbitration Act..."  See, Parent Affidavit,  Exhibit "A" at 2.  Furthermore, pursuant to this agreement, any covered claim was to be pursued through arbitration, and no covered claim could be initiated in Court.  Id.  In fact, the C.A.R.E.S. Program was the "exclusive procedure for the resolution of all claims that may otherwise be brought...", and

a person covered by these rules would not be allowed to participate in any kind of litigation relative to those covered claims. Id.

Pursuant to the Rules of Dispute Resolution Including Arbitration (Parent Affidavit, Exhibit "A"), discrimination claims based on race, and discrimination retaliation claims were covered claims under the program (Parent Affidavit, Exhibit "A", page 3)

As set forth in the Affidavit of Frank Coletto, he presented to plaintiff and all of the store employees in the Pittsfield store, the Rules of Dispute Resolution Including Arbitration (Parent Affidavit, Exhibit "A") and brochure (Parent Affidavit, Exhibit "B"). The plaintiff refused to initial for receipt of the materials, but stated that he would have his lawyer look at them (Coletto Affidavit, ¶4). Mr. Coletto advised the plaintiff that these were still in effect, regardless of his initialing for receipt, as clearly he had received these documents by being personally delivered to him and discussed with him by his store manager. (Coletto Affidavit, ¶4).

By way of a State Court filing on August 11, 2008, plaintiff commenced the instant action against defendant, arising out of his termination from employment with GameStop. The Complaint brings two causes of action. Count I is for race discrimination under Massachusetts General Laws Chapter 151B §1, (Complaint, ¶¶19-21), and Count II is for retaliation under Massachusetts General Laws Chapter 151B §4, (Complaint, ¶¶22-24). Defendant has answered the Complaint, and has raised the Federal Arbitration Act as an affirmative defense. Defendant respectfully requests the Court either dismiss this case due to the provisions of the C.A.R.E.S. Program, or stay this action pending plaintiff's pursuit of the arbitration process under that program.

## POINT I

## THE CLAIMS IN THIS ACTION ARE SUBJECT TO THE ARBITRATION PROVISIONS OF THE C.A.R.E.S. PROGRAM UNDER THE FEDERAL ARBITRATION ACT.

The Federal Arbitration Act, 9 U.S.C. §§1, et seq. provides in pertinent part as follows:

**Stay of proceedings where issue therein referable to arbitration**

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.  9 U.S.C. §3.

Section 4 of Title 9 of the United States Code, provides that

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

Actions brought to remedy racial discrimination such as those brought under Title 7 of the 1991 Civil Rights Act, are subject to pre-dispute arbitration agreements. Rosenberg v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 11-12 (1st Cir. 1999); Gilmer v. Interstate Johnson Lane Corp., 500 U.S. 20, 26, 111 S.Ct. 1647 (1987), 114 L.Ed .2d 26 (1991).   Claims such as the one at bar, brought pursuant to Massachusetts General Laws Chapter 151B, likewise are arbitrable.  Gonzalez v. G.E. Group Administrators, Inc., 321 F.Supp. 2d 165, 170 (D. Mass. 2004). See also, St. Fleur

3

v. WPI Cable Systems/Mutron, 450 Mass. 345, 349-50, 879 N.E. 2d 27, 31 (2008), wherein the Supreme Judicial Court of Massachusetts echoed the sentiment that both the Massachusetts Arbitration Act and the Federal Arbitration Act express a strong public policy favoring arbitration. Therefore, it is respectfully submitted that the claim set forth by the plaintiff in the Complaint are clearly arbitrable under the Federal Arbitration Act.

**POINT II**

**DEFENDANT IS ENTITLED TO A STAY, AND AN ORDER COMPELLING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT.**

This Court has previously noted that there is an unabated public policy favoring arbitration, and the Federal Arbitration Act was enacted in order to overcome judicial hostility toward arbitration. Gonzalez, 321 F.Supp. 2d at 167 (citations omitted). In Gonzalez, this Court set forth the requirements that need to be met, before a Court compels arbitration pursuant to §4, and stays proceedings pursuant to §3. For this to occur, the Court must find 1) there exists a written agreement to arbitrate; 2) the disputed question falls within the scope of that agreement; and 3) the party seeking arbitration has not waived its right to arbitration. Gonzalez, 321 F.Supp. 2d at 168; Bowlby v. Carter Manufacturing Corp., 138 F.Supp. 2d 182, 186-7 (D. Mass. 2001).

**A.    A WRITTEN AGREEMENT TO ARBITRATE EXISTS.**

It is clear that the program is in writing. So much is set forth by reason of its existence, and it is fully set forth as Exhibit "A" of the Parent Affidavit. The only question for this Court is whether plaintiff is allowed to state that somehow this agreement is not applicable to him because he did not initial that he received the documents. It is clear that

4

the agreement need not be signed to be enforceable.  In an at-will jurisdiction such as Massachusetts, the employee continuing to work after being notified of the policy constitutes acceptance of the policy.  See, O'Brien v. New England Telephone Company, 664 N.E. 2d 843, 848 (Mass. 1996).  Courts have routinely enforced unsigned agreements to arbitrate, which have been disseminated to their employees in a variety of ways, such as mailing, office memoranda, hand delivery, etc.  See, Howard v. Oakwood Homes Corp., 516 S.E .2d 879 (N.C. App. 1999);  Hightower v. GMRI, Inc., 272 F.3d 239, 241 (4th Cir. 2001);  Reece v. Commercial Credit Corp., 955 F.Supp. 567, 569 (D.S.C. 1997);  Cole v. Halibert & Co., 2000 WL1531614 at *3 (W.D. Okla. 2000);  VanSlyke v. Commercial Credit Corp., 1995 WL 766399 at *1 (N.D.N.Y. 1995).  In all of these cases, an existing employee did not sign any agreement to arbitrate which had been disseminated to him/her, and in each case the Court found that the plaintiff did have actual notice of the policy.  These cases are cited to by this Court in Campbell v. General Dynamics Government Systems Corp., 321 F.Supp. 2d 142 (D. Mass. 2004) at footnote 3.

While the Courts have held that general e-mail notification is insufficient notice, for arbitration policy effectiveness, Campbell v. General Dynamics Government Systems Corp., 407 F.3d 546, 559 (1st Cir. 2005), it is respectfully submitted that the manner in which the plaintiff was notified of the policy in question, namely the C.A.R.E.S. Program, constitutes notice.  As this Court has held, the  issue of the notice turns on whether, under the totality of the circumstances, the employer's communication would have provided a reasonably prudent employee notice of the waiver.  Id.  Rosenberg 170 F.3d at 21 (note 17).  As the Court in Campbell stated, factors relevant to this analysis include the method of communication, workplace contacts and content of the communication.  407 F.3d at

555. In this case, plaintiff received actual notice of the policies in September 2007. <u>See</u>, Coletto Affidavit, where plaintiff's store manager states that he handed the materials to all of his store employees, including the plaintiff. All of his store employees initialed for their receipt, except for the plaintiff, who stated that he was not going to initial, but that he would have to have these matters reviewed by his lawyer. While Courts have questioned vague e-mail notifications of policy changes, it is clear that there is no substitute for personal hand delivery and personal discussion of the policy changes, as was done here. It is clear that this policy was communicated directly to the plaintiff, and he had actual notice of it. As the <u>Campbell</u> Court held, "an employer will be able to satisfy this relatively light burden of minimal level of notice by producing evidence demonstrating that the employee did have actual notice of the agreement." <u>Campbell</u>, 407 F.3d at 555.

It is respectfully submitted that notice of this agreement has clearly been given to the plaintiff, and that he was aware of it when it was effective in September 2007.

As said above, the dispute in question clearly falls within the scope of the C.A.R.E.S. agreement, and there is no evidence whatsoever to show that the defendant has somehow waived its right to arbitration.

**WHEREFORE**, as a result of the above discussion, it is respectfully submitted that all of the requirements for the applicability of the stay of this litigation and an Order compelling arbitration have been met.

## **CONCLUSION**

As a result of the above discussions, it is respectfully submitted that defendant has met all of the requirements relative to the Federal Arbitration Act. §§3 and 4, and as such requests an Order dismissing this action, or in the alternative, staying this action, and compelling plaintiff to pursue arbitration under the C.A.R.E.S. Program, along with such other and further relief as to the Court may seem just and proper.

DATED:  September 24, 2008

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

BY: _____
JAMES A. RESILA
BBO: 552287
E-Mail: jresila@carterconboy.com
Attorneys for Defendant,
GameStop, Inc.
Office and Post Office Address
20 Corporate Woods Boulevard
Albany, New York  12211-2362
Phone:  (518) 465-3484

7